# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FILED

|  |  |  |
|---|---|---|
| FLORENCE HICKS, | ) | |
| | ) | MAR 1 6 2004 |
| Plaintiff, | ) | |
| | ) | No.: 03 C 9215 MICHAEL W. DOBBINS |
| | ) | CLERK, U.S. DISTRICT COURT |
| v. | ) | |
| | ) | Judge Shadur |
| MEDLINE INDUSTRIES, INC., | ) | |
| | ) | Magistrate Judge Denlow |
| Defendant. | ) | |

3 C 9215

## NOTICE OF FILING

PLEASE TAKE NOTICE that on March 16, 2004 the Plaintiff, Florence Hicks, filed the attached **First Amended Complaint** with the Clerk of the Court of the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

FLORENCE HICKS

DOCKETED

MAR 1 8 2004

By: _____

One of her Attorneys

Adrian Mendoza - 6225634
Allison S. Noback - 6279413
KANE, CARBONARA & MENDOZA, LTD.
One North Franklin
Suite 2700
Chicago, Illinois 60606
(312) 726-2322

## CERTIFICATE OF SERVICE BY MAIL

Allison Seger Noback, an attorney, certifies that she caused the attached **First Amended Complaint** to be served upon:

Clifford Raymond Perry, III
Lanner, Muchin, Dombrow, Becker,
  Levin & Tominberg, Ltd.
515 North State Street
Suite 2800
Chicago, IL 60610

via First Class Mail, proper postage prepaid on March 16, 2004.

Allison Seger Noback

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FLORENCE HICKS,                    )
                                   )
    Plaintiff,                 )   No.: 03 C 9215
                                   )
    v.                         )   Judge Shadur
                                   )
MEDLINE INDUSTRIES, INC.,          )   Magistrate Judge Nolan
                                   )
    Defendant.                 )

**FILED**

MAR 1 6 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## FIRST AMENDED COMPLAINT

The plaintiff, FLORENCE HICKS, by her attorneys, Adrian Mendoza and Allison Seger Noback of Kane, Carbonara & Mendoza, Ltd., states as follows for her First Amended Complaint against MEDLINE INDUSTRIES, INC.:

MAR 1 8 2004

## NATURE OF THE ACTION

This is an action by Plaintiff Florence Hicks ("Hicks") against Defendant Medline Industries, Inc. ("Medline") to correct unlawful employment practices on the basis of race and retaliation, as well as interference with business expectancy and defamation. Medline refused to promote Hicks based solely on her race, and instead promoted candidates who were not African-American. Hicks now seeks redress for the unlawful practices.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. sections 1331, 1337, 1343 and 1367. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 et seq. ("Title VII") to be commenced by any citizen of the United States or other person within the jurisdiction thereof to redress the deprivation, under color of a state law, statute, ordinance, regulation, custom, or usage, or rights, privileges and immunities secured by the Constitution of the United States.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3.     Hicks is an African-American individual citizen of the United States of America and has at all times relevant to this action been a resident of North Chicago, County of Lake, and State of Illinois. At all times relevant to this action, Hicks was an employee of Medline.

4.     Medline is a corporation, incorporated under the laws of the State of Illinois with its principal place of business at One Medline Place, Mundelein, Illinois 60060. Medline employs more than fifteen employees. At all times relevant to this action, Medline has been authorized to do, and was doing, business in the State of Illinois.

## STATEMENT OF CLAIMS

5.     Hicks filed a charge with the Equal Employment Opportunity Commission ("EEOC") on February 13, 2003 alleging that Medline violated Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

6.     Hicks began her employment with Medline on or about December 1999 in the Cash Applications/Finance Department.

7.     Prior to her employment at Medline, Hicks honorably served eight years in the United States Navy in the Supply Rating Division where she obtained substantial experience in financing and purchasing.

8.     While employed at Medline, Hicks applied for multiple positions within the Purchasing Department at Medline's Mundelein facility and Medline's Waukegan facility.

9.     Hicks interviewed with multiple managers and/or supervisors for positions within the Purchasing Department, all of whom are Caucasian males.

10.     Medline did not hire Hicks for any of the positions in which she applied, despite her qualifications and positive reviews from Medline.   Instead, candidates who were not African-American and were less qualified than Hicks received the positions.

11.     When Hicks questioned why she did not receive the jobs, she was informed that the other candidate(s) either had more experience or possessed an APICS (or specialized computer software) certificate.

12.     To ensure that she would receive a position within the Purchasing Department, Hicks enrolled in courses to obtain her APICS certification and complete her college degree.   Medline informed Hicks that by taking the APICS course, she would be transferred to the Purchasing Department as soon as an opening became available.

13.     Hicks continued to apply for open positions, but Medline repeatedly denied her the positions.   Other less qualified candidates who were not African-American were constantly selected over Hicks.   All the Medline managers and/or supervisors involved in denying Hicks the promotions were Caucasian.

14.     Hicks met with her supervisor, Paula Stubbs, ("Stubbs"), shortly after she was denied multiple positions.   Stubbs suggested that Hicks draft a letter to Joseph Becker, ("Becker"), Medline's Vice President of Human Resources, setting forth her complaints.   Hicks drafted the letter and submitted it via email on or about October 4, 2001.

15.     Hicks received a telephone call from Becker shortly thereafter, and a meeting was scheduled for October 12, 2001.

16.     At their meeting, Becker stated that Hicks' failure to receive a position within Medline's Purchasing Department was unacceptable.   Becker stated that he would be in contact with Ken Chua, President of the Purchasing Department, and other department heads to determine if any positions were available immediately.   Becker also informed Hicks that she would no longer be

3

required to apply for jobs through Medline's bid form process. Instead, she should contact Human Resources directly if she was interested in a particular job. Pleased with the outcome of the meeting, Hicks followed Becker's advice and continued to monitor the job vacancies within the Purchasing Department.

17. After Hicks' meeting with Becker, the atmosphere in the Cash Application Department began to change. Medline began zealously scrutinizing Hicks' work for errors and made unmerited complaints.

18. Between May 2002 and August 2002, Hicks received numerous unjustified complaints regarding her performance, many of which were later dismissed by her superiors. In addition, Hicks' evaluation review ratings dropped from above average and outstanding to average.

19. On or about August 20, 2002, Hicks received a written warning and was placed on 90-day probation. Hicks did not sign the warning because she believed the allegations were false.

20. On or about September 3, 2002, Medline placed Hicks on a 3-day suspension for her alleged increase in posting errors. The allegations were unfounded, and Medline postponed the suspension. Regardless of Hicks' innocence, Hicks' 90-day probation period continued.

21. On or about September 4, 2002, Medline improperly accused Hicks of misusing programming codes. Upon further investigation, it was discovered that Hicks' co-workers were misusing codes, not Hicks.

22. On or about September 6, 2002, Hicks was terminated by Medline.

## COUNT I

### DISPARATE TREATMENT

23. Hicks realleges paragraphs 1 through 22 above as fully alleged in this count and incorporate them by this reference.

24. Hicks, as an African-American, is a member of a protected class.

4

25.    Hicks applied for multiple positions within Medline, all of which she was equally qualified as the other candidates.

26.    Despite Hicks' qualifications, she did not receive any of the jobs that she applied for within the Purchasing Department.

27.    Instead, less qualified candidates who were not African-American received the positions.

28.    This discrimination by Medline has resulted in disparate treatment by Hicks' managers and/or supervisors by failing to hire Hicks and instead hiring less qualified candidates who were not African-American.

WHEREFORE, Plaintiff, Florence Hicks, requests that this Honorable Court grant her the following relief:

a.    That the Court find that Defendant Medline Industries, Inc. engaged in unlawful employment practices when it discriminated against Florence Hicks by failing to promote her and instead promoting less qualified, non African-American candidates;

b.    That the Court find that Defendant Medline Industries, Inc. had a duty to protect the rights of Florence Hicks and to ensure the implementation of the policies and procedures set pursuant to federal law regarding unlawful; employment practices in promoting;

c.    That the Court find and declare that Defendant Medline Industries, Inc. breached its duty to protect the rights of Florence Hicks regarding unlawful employment practices;

d.    That the Court find that Florence Hicks is entitled to compensatory damages and punitive damages; and

e.    That the Court enter an injunction ordering Defendant Medline Industries, Inc. to stop its unlawful employment practices and implement policies and procedures in order to protect the rights of minority job applicants.

## COUNT II

### RETALITORY DISCHARGE

29. Hicks realleges paragraphs 1 through 22 above as fully alleged in this count and incorporates them by this reference.

30. By informing Medline that its managers and/or supervisors were violating Title VII Hicks engaged in a protected activity.

31. As a direct result of, and in retaliation for Hicks confronting Medline about its hiring and promoting practices, Medline willfully and wantonly engaged in activity designed to retaliate against Hicks.

32. Hicks, as a result, suffered an adverse employment action by being terminated.

33. Medline's actions have caused Hicks great and irreparable harm and greatly interfered with her employment, has caused her great stress and limited her future employment opportunities.

WHEREFORE, Plaintiff, Florence Hicks, requests that this Honorable Court grant her the following relief:

    a. That the Court find that Defendant Medline Industries, Inc.'s actions in suspending and terminating her employment were acts of retaliation against Florence Hicks resulting from Florence Hicks' demanding that the violation of the company policy and law by Defendant Medline Industries, Inc. management be stopped;

    b. That the Court find that Defendant Medline Industries, Inc. acted willfully and wantonly and without regard for Florence Hicks' rights under federal law;

    c. That the Court find that Defendant Medline Industries, Inc. had a duty to protect the rights of Florence Hicks and to ensure the implementation of the policies and procedures set pursuant to federal law regarding retaliation;

    d. That the Court find and declare that Defendant Medline Industries, Inc. breached its duty to protect the rights of Florence Hicks regarding retaliation;

    e. That the Court find that Florence Hicks is entitled to compensatory damages and punitive damages; and

6

    f.   That the Court enter an injunction ordering Defendant Medline Industries, Inc. to stop its unlawful retaliatory employment practices and implement policies and procedures in order to protect the rights of persons who report violations of federal law.

## COUNT III

## TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

34.    Hicks realleges paragraphs 1 through 22 above as fully alleged in this count and incorporates them by this reference.

35.    Subsequent to her termination from Medline, Hicks attempted to enter into numerous business relationships, i.e., employer-employee relationships, with various entities.

36.    Because Hicks listed Medline as a prior employer, her potential employers contacted Medline as a reference.

37.    Medline was aware upon receiving the contacts from Hicks' prospective employers that Hicks was seeking to enter into a business relationship with the prospective employers.

38.    Medline intentionally provided negative references on Hicks' behalf each time Hicks' prospective employers contacted it regarding Hicks' performance at Medline.

39.    As a result of the negative references, Hicks has been unable to secure new employment.

WHEREFORE, Plaintiff, Florence Hicks, requests that this Honorable Court grant her the following relief:

    a.   That the Court find that Defendant Medline Industries, Inc.'s intentionally and tortiously interfered with Florence Hicks' legitimate expectancy of employment with other employers; and

    b.   That the Court find that Florence Hicks is entitled to compensatory damages and punitive damages.

7

**COUNT IV**

**DEFAMATION**

40.     Hicks realleges paragraphs 1 through 22 above as fully alleged in this count and incorporates them by this reference.

41.     When solicited for a reference, Medline made false statements to Hicks' prospective employers by stating, in essence, that she was incapable of performing her job functions.

42.     As a result of Medline's statements, Hicks has been unable to secure new employment despite her repeated attempts.  In addition, the statements significantly harmed Hicks reputation and good name.

WHEREFORE, Plaintiff, Florence Hicks, requests that this Honorable Court grant her the following relief:

    a.  That the Court find that Defendant Medline Industries, Inc.'s actions in providing a false negative reference to Florence Hicks' potential employers were acts of defamation against Florence Hicks; and

    b.  That the Court find that Florence Hicks is entitled to compensatory damages and punitive damages.

Respectfully submitted,

FLORENCE HICKS

By:  _____
One of Her Attorneys

Adrian Mendoza - 6225634
Allison Seger Noback - 6279413
**KANE, CARBONARA & MENDOZA, LTD.**
One North Franklin
Suite 2700
Chicago, IL 60606
(312) 726-2322

8