IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FLORENCE HICKS,                    )
                                   )
              Plaintiff,           )
                                   )
     v.                            )   No.  03 C 9215
                                   )
MEDLINE INDUSTRIES, INC.,          )
                                   )
              Defendant.           )

## MEMORANDUM ORDER

Pro se plaintiff Florence Hicks ("Hicks"), whose action against Medline Industries, Inc. ("Medline") was dismissed on June 2, 2006 on Medline's motion for summary judgment, has delivered to this Court's chambers on June 30, 2006 (failing to come within the limited time allowed by Fed. R. Civ. P. ("Rule") 59(e)[1]):

    1.   her Motion To Reconsider the dismissal; and

    2.   her In Forma Pauperis Application ("Application"),

seeking the appointment of pro bono counsel to represent her.

Both the Motion and the Application are denied for the reasons stated here.

As for the Motion, it should first be pointed out that its untimeliness in Rule 56(e) terms has been matched by its

---

[1] With the dismissal having been docketed on June 6, the non-extendable 10-day period specified in Rule 59(e), when amplified by the provisions of Rule 6(a), required a Rule 59(e) motion to be filed by June 20. So the Motion must meet the more demanding requirements of Rule 60(b).

noncompliance with the express (and unambiguous) rules of this District Court that apply to all motions. Although pro se litigants are properly cut a good deal of slack in the handling of their substantive presentations (see Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), they (just like represented parties) are expected to comply with procedural rules--and Hicks' extensive (though unsuccessful) earlier submissions in response to Medline's Rule 56 motion have revealed her to be both literate and resourceful, so that she cannot claim entitlement to any special degree of solicitude.

In any event, the applicable rules are indeed clear. Here are LR 5.3(b) and 78.2:

> Every motion or objection shall be accompanied by a notice of presentment specifying the date and time on which, and judge before whom, the motion or objection is to be presented. The date of presentment shall be not more than 10 business days following the date on which the motion or objection is delivered to the court pursuant to LR 78.1.
>
> \*       \*       \*
>
> Where the moving party, or if the party is represented by counsel, counsel for the moving party, delivers a motion without the notice required by LR 5.3(b) and fails to serve notice of a date of presentment within 10 days of delivering the copy of the motion to the court as provided by LR 5.4, the court may on its own initiative deny the motion.

Although this Court has held off on acting for more than a week past the final due date of July 14 for Hicks' notice of a date of presentment, nothing has been forthcoming from her even now.

2

That alone would justify denial of the Motion pursuant to LR 78.2.

But lest that be misunderstood as the sole reason for such denial, this Court confirms that it has considered the Motion on its merits (or rather its lack of merit) carefully. Nothing that Hicks has now advanced calls for reconsideration of this Court's extended June 2 memorandum opinion and order that denied relief--indeed, that would be so even under the less demanding (and inapplicable) Rule 59(e) standards. And that constitutes the most powerful reason for denial of the Motion, and this Court so orders.

That being the case, the Application is rendered moot. It is also denied, in this instance on mootness grounds.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 24, 2006